```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION


GUILLERMO A. LUNA,              §
                                §
          Plaintiff,            §
                                §
VS.                             §   CIVIL ACTION H-10-2918
                                §
NATIONWIDE PROPERTY AND CASUALTY§
INSURANCE COMPANY,              §
                                §
          Defendant.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced action, removed on diversity jurisdiction from the 11th Judicial District Court of Harris County, Texas and alleging breach of contract arising from alleged nonpayment of insurance benefits, fraud, breach of duty of good faith and fair dealing, violations of Texas Insurance Code Section 541 (unfair settlement practices), and violations of Texas Insurance Code Section 542 (failure to promptly investigate and pay claims), is Defendant Nationwide Property and Casualty Insurance Company's ("Nationwide's") motion for partial dismissal under Rules 8 and 9(b) of the Federal Rules of Civil Procedure (instrument #3).

Specifically Nationwide seeks dismissal of all claims other than breach of contract because they "rest on factual allegations that are pled in only the most vague generalities and formulaic recitations of statutory language." #3 at 1.

-1-

**Standard of Review**

The Court construes the motion as filed under Fed. R. Civ. P. 12(b)(6), based on the requirements of Rules 8 and 9(b). Even if the defendant does not file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.")), *cert. denied*, 129 S. Ct. 2417 (2009). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading

that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." All well pleaded facts must be viewed as true, "in the light most favorable to the plaintiff. *Lindquist v. City of Pasadena, Texas*, 525 F.3d 383, 386 (5th Cir. 2008). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the 'grounds' on which the claim rests." *Id.* at 555, n.3. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 556.

Federal Rule of Civil Procedure 9(b) mandates that "in alleging fraud or mistake [the plaintiff] must state with

particularity the circumstances constituting fraud or mistake." The Fifth Circuit strictly construes the Rule and requires the plaintiff pleading fraud "'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc,. v. TXU Corp.*, 565 F.3d 200. 206-07 (5th Cir. 2009)(*quoting Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)), *cert. denied*, 130 S. Ct. 199 (2009).  In contrast Texas only requires the plaintiff to assert that the defendant made "a material misrepresentation, which was false and which was either known to be false when made or was asserted without knowledge of the truth which was intended to be acted upon, which was relied upon, and which caused injury." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 341 (5th Cir. 2008), *quoting Johnson & Johnson Med., Inc. v. Sanchez*, 924 S.W. 2d 925, 929-30 (Tex. 1996).

Federal Rule of Civil Procedure 15(a)(2) states, "The court should freely give leave [to amend the pleadings] when justice so requires."  The decision whether to permit amendment "is entrusted to the sound discretion of the district court." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).  Nevertheless, the Fifth Circuit has commented that the term "discretion" "'may be misleading because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend.'" *Mayeaux v. Louisiana Health Serv. &*

*Indemn. Co.*, 376 F.3d 420, 425 (5th Cir. 2004)(citation omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (citation omitted).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)("District courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004)("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion. [citations omitted]"). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

**Court's Decision**

Because Guillermo A. Luna's Original Petition was filed in Texas state court, it did not at that time have to comply with more stringent federal and Fifth Circuit pleading standards.[1]  Now that

---

[1] Pleading standards are far more lenient in Texas state court, as summarized in 1 Tex. Prac. Guide Civil Pretrial § 5:39 (Database updated through September 2010):

> A petition is sufficiently pleaded if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W. 2d 593, 601 (Tex. 1993); *In re Credit Suisse First Boston Mortgage Capital, LLC*, 273 S.W. 3d 843, 850 (Tex. App.--Houston [14th Dist.] 2008, orig. proceeding)(petition can be sufficient if a claim reasonably may be inferred from what is specifically stated, and thus, a petition is not necessarily defective even if the plaintiff has not specifically alleged one of the elements of a claim); *In re P.D.D.*, 256 S.W. 3d 834, 939 (Tex. App.--Texarkana 2008, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W. 3d 323 (Tex. App.--Houston [14th Dist.] 2005, no pet.); *Tull v. Tull*,159 S.W. 3d 758, 762 (Tex. App.-Dallas 2005, no pet) . . . .*Woolam v. Tussing*, 54 S.W. 3d 442. 448 (Tex. App.--Corpus Christi 2001, no pet.)(pleadings will generally be construed as favorably as possible to the pleader; the court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged, and every fact will be supplied that can reasonably be inferred from what is specifically stated) . . . .

*See also* 58 Tex. Jur. 3d Pleading § 102 (Database updated October 2010)("In the absence of a special exception, a pleading will be construed liberally in the pleader's favor, and every reasonable intendment will be indulged in favor of the pleading.  The court will seek to discover the intendment of the pleader; and the pleading may be upheld even if some element of the cause of action or defense has not been specifically alleged.  Every fact will be supplied that may reasonably be inferred or regarded as being implied by what is specifically stated.")(footnote citations omitted).

it has been removed, and that removal is not contested, the federal standards apply.  The Court agrees with Nationwide that Luna has failed to give Nationwide adequate notice of the claims against it under the federal standards.  There is no accusation by Nationwide of undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party caused by Luna.  In the interests of justice therefore, the Court

ORDERS that Nationwide's motion for partial dismissal (#3) is DENIED; instead pursuant to Rule 15(a)(2) Luna is GRANTED LEAVE to AMEND his pleading within thirty days to state his claims, with the requisite factual support for plausible claims under Rule 8 and with the particularity required for all claims based on fraud to satisfy Rule 9(b).  Nationwide shall then file a timely responsive pleading.

Luna has complained that Nationwide's motion is procedurally defective under Local Rule 7.1D because Nationwide failed to attach a certificate to the motion.  That rule expressly exempts motions filed under Rules 12(b)(6) and 56.

**SIGNED** at Houston, Texas, this  17th  day of December , 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE