```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


GUILLERMO A. LUNA,              §
                                §
          Plaintiff,            §
                                §
VS.                             §   CIVIL ACTION H-10-2918
                                §
NATIONWIDE PROPERTY AND CASUALTY§
INSURANCE COMPANY,              §
                                §
          Defendant.            §
```

## OPINION AND ORDER OF PARTIAL DISMISSAL

Pursuant to the Court's opinion and order of December 17, 1210 (instrument #21), Plaintiff Guillermo A. Luna has filed a First Amended Complaint (#22) in an attempt to satisfy Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) in his action to recover full payment of insurance policy benefits for alleged damage to his home property caused by Hurricane Ike on September 12-13, 2008. Pending before the Court is Defendant Nationwide Property and Casualty Insurance Company's ("Nationwide's") renewed motion for partial dismissal (#23) under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

**Allegations of Plaintiff's First Amended Complaint (#22)**

The amended pleading alleges that Plaintiff owns a Texas Homeowners' Insurance Policy ("policy") issued by Nationwide, insuring his property at 17010 David Glen, Friendswood, Texas

-1-

77546, which was extensively damaged by Hurricane Ike on September 12-13, 2008. He claims that his roof was damaged, resulting in extensive damage throughout the entire house, including ceilings, walls, insulation, windows, screens, and flooring, as well as structural and exterior damage. Plaintiff's patio, fence, and shed were also damaged. He filed a claim with Nationwide for the damages to his home, food and contents loss, structural damage, roof damage, water damage and wind damage, caused by Hurricane Ike to the insured property.

Nationwide assigned Joe B. Rehders ("Rehders") as the individual adjuster on the claim, but Plaintiff contends that Rehders was improperly trained and unable to adequately perform a thorough inspection of Plaintiff's damages. Rehders spent only thirty minutes on or around October 6, 2008 inspecting the property, did not inspect the interior of Plaintiff's home, nor get on the roof of his house or shed. Rehders' inspection report was devoid of pictures, did not include payment for interior damage to the residence (unspecified by Plaintiff), and covered only one roof vent turbine and 0.5 of a square of Plaintiff's shed roof.

The complaint asserts that Rehders also severely underestimated the damages, exemplified by Nationwide's payment of only $140.52 for Plaintiff's roof and $140.89 for a minimum service charge; he claims that these amounts would not allow Plaintiff to make necessary roof repairs. The estimate also included only

$57.21 for repair of the shed and $77.75 for the minimum service charge, again insufficient to cover repairs.[1]  Plaintiff further insists that Nationwide's prices in adjusting Hurricane Ike claims do not reflect the local market prices where the claim was made, but does not indicate what any local rates were compared with the prices attributed for repairs by Nationwide.  Plaintiff also asserts that Rehders' estimate did not include any amount for overhead or profit on the building or other structure items.[2]

The complaint states that Nationwide had special knowledge of the insurance industry, superior to that available to Plaintiff, and was therefore aware that the estimated payment would not allow Plaintiff to adequately repair his damages.  Plaintiff maintains that such special knowledge of specific facts underlying a false opinion can support a claim of affirmative misrepresentation here.

Plaintiff insists that Nationwide was responsible for the training and guidance of Rehders for the investigation and that it had full oversight and review of Rehders' resulting estimate of damage, as well as of any payment of Plaintiff's claim. Nevertheless, Nationwide let Rehders' inadequate investigation go

---

[1] The Court notes that the complaint does not specify what damages were sustained by the roof and shed or what the local market rate would be to repair those items included in Rehders' estimate, so as to give notice to Nationwide of the claimed insufficiency of its payments.

[2] The amended complaint also fails to plead any amount in overhead or profit that Plaintiff had received.

forward and constitute the sole basis for the insufficient payment of Plaintiff's claims. Nationwide continues to delay full payment for the damages to Plaintiff's property and has yet to give Plaintiff a reasonable explanation for the lack of coverage for the reported damages or for Nationwide's failure to pay Plaintiff's claim in full.

Plaintiff asserts that given its special knowledge of the insurance business and local market prices, neither specified in the complaint, Nationwide is liable for fraud in the intentional undervaluing of damages as its regular business practice, though he fails to present a single example. He points to a letter he received from Nationwide in which Nationwide allegedly knowingly and falsely stated that the estimate given to Plaintiff "*represents the amount to restore your damaged property to its pre-loss condition. This estimate contains our valuation of the damages for the reported loss and was prepared using reasonable and customary practices for your geographic area.*"[3] He states that he relied on

---

[3] Nationwide objects that this statement is taken out of context and that Plaintiff completely fails to allege how he relied on this statement and what Nationwide gained from Plaintiff's alleged reliance. Taken in context, the statement could not have been actionable. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)(Insurance agent's assurances that claims would be "handled professionally" and the like amounted to no more than sales puffery and were far from the kind of "misrepresentations of material fact" necessary to plead claims under the Texas Insurance Code and the DTPA), *cited for that proposition*, *Druker v. Fortis Health*, No. 5:06-CV-52, 2007 WL 38322, *4 (S.D. Tex. Jan. 4, 2007)(applying *Griggs* principle to hold as insufficient to state a claim plaintiff's statement

this statement in not repairing the damages to his property for lack of funds and/or making temporary repairs using his own funds, thus prolonging his hardship in living in a damaged house. He also asserts that Nationwide initially represented that his insurance policy would cover his losses; Plaintiff therefore purchased the policy in exchange for this promised benefit that Nationwide knew he would not receive.

In sum, the complaint asserts the following causes of action against Nationwide: (1) engaging in unfair and deceptive acts or practices in violating Sections 541.060(a),[4] 541.060(a)(1),[5]

---

that at the time defendants sold the insurance policy to plaintiff, they knew or should have known that they did not intend to honor the policy and pay the insurance benefits contracted for in a timely manner.). The Court agrees with Defendant that here the amended complaint's statement does not qualify as a misrepresentation of material fact pleaded with sufficient particularity to satisfy Rule 9(b).

[4] Nationwide's purported violations of this statutory provision were its failure to ensure that the adjuster was properly trained in adjusting catastrophy claims in Texas, Nationwide's policies and procedures resulting in an inadequate, outcome-oriented investigation of Plaintiff's damages, underestimation of the damages that were identified, and failure to include overhead and profit for items where they were appropriate.

[5] The violation was misrepresenting to Plaintiff material facts relating to coverage at issue.

541.060(a)(2)(A),[6] 541.060(a)(3),[7] 541.060(a)(4),[8] and 541.060(a)(7)[9] of the Texas Insurance Code (unfair settlement practices); (2) noncompliance with Sections 542.055, 542.056, and 542.058 of the Texas Insurance Code (failure to investigate and promptly pay claims; (3) common law fraud; (4) breach of insurance contract between Nationwide and Plaintiff in Nationwide's failure to adequately compensate Plaintiffs with the full proceeds owed under the policy; and (5) breach of the common law duty of good faith and fair dealing owed by insurers to insureds in insurance contracts because of their unequal bargaining power, here because of the inadequate investigation and unreasonable denial or partial payment of Plaintiff's claims.

## Standards of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to

---

[6] Nationwide's violation was failing to attempt in good faith to effectuate a fair and equitable settlement of the claim even though Nationwide's liability under the policy was reasonably clear.

[7] Nationwide's failure to promptly provide Plaintiff with a reasonable explanation of the basis in the policy for its offer of a compromise settlement of the claim.

[8] Nationwide's failure within a reasonable time to affirm or deny to Plaintiff coverage of the claim or to submit a reservation of rights to Plaintiff.

[9] Nationwide's refusal to pay Plaintiff's claim without conducting a reasonable investigation.

relief." All well pleaded facts must be viewed as true, "in the light most favorable to the plaintiff. *Lindquist v. City of Pasadena, Texas*, 525 F.3d 383, 386 (5th Cir. 2008). The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also the 'grounds' on which the claim rests." *Id.* at 555, n.3. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009), *citing Twombly*, 550 U.S. at 556.

    While the sufficiency of a complaint under Rule 8(a)(2) may be challenged by motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, even if the defendant does not file such a motion, the court "has the authority to consider the

sufficiency of a complaint on its own initiative." *Landavazo v. Toro Co.*, 301 Fed. Appx. 333, 336 (5th Cir. Dec. 5, 2008)(*citing Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)("As a general rule, a district court may dismiss a complaint on its own for failure to state a claim.")), *cert. denied*, 129 S. Ct. 2417 (2009).

Fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice intent, knowledge, and other conditions of a person's mind may be alleged generally." The Fifth Circuit strictly construes the Rule and requires the plaintiff pleading fraud in federal court "'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc,. v. TXU Corp.*, 565 F.3d 200. 206-07 (5th Cir. 2009)(*quoting Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)), *cert. denied*, 130 S. Ct. 199 (2009). A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

Because "Rule 9(b) applies by its plain language to all

averments of fraud, whether they are part of a claim of fraud or not," it applies to statutory claims based on allegations of fraud. *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994). "Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of America*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998). *See also, e.g., Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); *Patel v. Pac. Life Ins. Co.*, No. 3:08-CV-249, 2009 WL 1456526, *18 (N.D. Tex. May 22, 2009)(applying Rule 9(b) to Texas Insurance Code claims). Where "[t]he factual background of . . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must satisfy Rule 9(b), which reaches "all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith*, 9 F. Supp. 2d at 742, *citing Berry*, 608 F. Supp. 2d at 789, 800; *Hernandez v. Ciba-Geigy Corp., USA*, 200 F.R.D. 285, 290-91 (S.D. Tex. 2001).

**Defendant's Renewed Motion for Partial Dismissal (#23)**

Nationwide argues that Plaintiff again fails to meet the pleading requirements of Federal Rules of Civil Procedure 8, 9(b) and 12(b)(6). The allegations are comprised of vague generalities and formulaic recitations of statutory language that are

insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949; *American Surgical Assistants, Inc. V. United Healthcare of Texas, Inc.*, No. 4:09-CV-774, 2010 WL 1340557, *3 (S.D. Tex. Mar. 30, 2010). Plaintiff's claims for statutory violations and fraud are based on allegations of misrepresentation or fraudulent conduct that do not satisfy the particularity required for such claims under Rule 9(b). There are no factual allegations to support his causes of action, but only paraphrases of statutory language and recitals of the elements of the claims. For example, the amended complaint does not allege any facts to support his conclusions that Nationwide unreasonably refused to pay Plaintiff's claim, that the investigation was unreasonable; he does not specify what Nationwide ought to have done to conduct a reasonable investigation, which of Plaintiff's damages were allegedly overlooked or undervalued and how, what Plaintiff thinks constituted "full payment" that he was denied, what his claim should have settled for, what was not "fair" about Nationwide's conduct and, since he did receive a payment, how Nationwide delayed the payment and when Plaintiff believes payment should have been received. Nationwide further notes that part of Luna's amended pleading is "virtually identical to all the other lawsuits filed by Plaintiff's counsel."

As opined by the Supreme Court in *Iqbal*, 129 S. Ct. at 1949, "the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions."

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to set out a viable cause of action. *Id.* Nationwide contends that none of Plaintiff's allegations is entitled to the presumption of truth.

As support for its motion, Nationwide cites other rulings by judges in this district (copies attached to #23) on motions for partial dismissal of substantially identical complaints to that before this Court in the instant case: (1) *Pena v. Nationwide Property & Casualty Ins. Co.*, No. H-10-3497, *3 (S.D. Tex. Dec. 27, 2010)(Werlein, J.)(ruling that petition, almost identical to that in this case and filed by the same law firm, failed to meet the standards of Rules 8 and 9(b) and dismissing all of plaintiffs' extra-contractual claims); (2) *Johnson v. Nationwide Property & Casualty Ins. Co.*, No. H-10-4074, *3 (S.D. Tex. Dec. 28, 2010)(Werlein, J.)(finding that "the non-specificity of these statements is demonstrated by the simple observation that they could be included in *any* property insurance complaint arising out of *any* set of facts"); and (3) *Ibarra v. Nationwide Property & Casualty Ins. Co.*, No. H-10-3022 (S.D. Tex. Jan. 4, 2011)(Hughes, J.)(dismissing all claims except for breach of contract in a petition virtually the same as Luna's).

**Plaintiff's Response (#26)**

The Court would emphasize that a number of Plaintiff's objections to Nationwide's motion are about the controlling law.

Because determining the law is the province of this Court, and it has set out its interpretation of that law earlier in this opinion, Plaintiff's disagreement with the Court's legal conclusions are overruled. The Court further observes that Plaintiff's opposition ignores the substantial impact of *Twombly/Iqbal* and progeny on pleading sufficiency.

Plaintiff emphasizes that unlike the pleadings in *Am. Surgical Assistants*, his amended complaint (paragraphs 19-28) identifies each chapter and provision of the Texas Insurance Code that has been violated and states how Defendant violated them. Nevertheless, the Court agrees with Nationwide that Plaintiff merely tracks the statutory language and insists he states claims against Nationwide and provides no particular factual support to illustrate how his claims meet those elements. Regarding Nationwide's objection that he has not detailed facts such how the investigation was "outcome-oriented" or what steps Defendant should have taken for a reasonable investigation, Plaintiff responds that "this is exactly the type of information that was intended to be developed through discovery." He maintains that Defendant is now on adequate notice of his claims. Regarding his fraud claim, he conclusorily states that Nationwide's general business pattern and practice[10] in handling claims is to "reach favorable outcomes for

---

[10] Not only is Plaintiff's allegation of the purported misrepresentation in Nationwide's letter to Plaintiff vague, conclusory, and unsupported by facts, but the Court notes that he

the company at the expense of the policy holders." or "to pay nothing or as little as possible on an insured's claim, at the expense of the insured." His allegations of Nationwide's fraud are comprised of "(1) denying coverage for losses that were clearly covered under the policy[11]; and (2) employing and conducting an unreasonable investigation and assessment of Plaintiff's damages by under scoping and under valuing Plaintiff's damages."[12]e 9(b).

### Court's Decision

The Court would point out to Plaintiff the Supreme Court's clear statement in *Iqbal*, 129 S. Ct. At 1940: "Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

The Court finds that Plaintiff's amended complaint is composed of vague, general conclusions without the kind of factual support that would state a plausible claim under Rules 8 and 12(b)(6), no

---

has not asserted with any specificity even a single other example, again supported by facts, to demonstrate the existence of such a pattern or practice in Nationwide's business, no less that it was wrongful. Moreover he has not demonstrated that "paying as little as possible" necessarily translates into fraud; the efficient running of any business would make excessive or over payments undesirable.

[11] The Court observes that Plaintiff has never identified the specific damage that Nationwide did not cover nor shown where in the policy such coverage is stated.

[12] Again, Plaintiff has not alleged what is required for a reasonable investigation and assessment, what Nationwide missed or failed to perform, or how the inspection under scoped and under valued the damage to his property.

less a fraud based claim under Rule 9(b). Not only does he fail to allege an actionable misrepresentation for his fraud claim, but he fails to provide sufficient facts to state claims for violations of the Texas Insurance Code. Examples of Plaintiff's vague allegations are such charges as Nationwide's failure to properly train Rehders, without identifying what it should have taught him but did not, failure to show with particularity how Rehders' investigation was unreasonable or "outcome-oriented," the absence of any example of an undervalued or denied claim, no indication of how and how much overhead and profit of which Plaintiff was allegedly deprived, vague and ambiguous assertions of unfair settlement practices, failure to specify what was unreasonable delay in payment. It is established law that a breach of contract does not, by itself, constitute an unfair or deceptive trade practice under Texas law. *Crawford v. Ace Sign, Inc.*, 917 S.W. 2d 12, 14 (Tex. 1996).

While Nationwide's renewed motion for partial dismissal does not challenge Plaintiff's breach of contract claim, it also does not address Plaintiff's extra-contractual tort cause of action for breach of the insurer's common law duty of good faith and fair dealing. Nevertheless, as noted, even if the defendant does not file a motion to dismiss, the court "has the authority to consider the sufficiency of a complaint on its own initiative." *Landavazo*, 301 Fed. Appx. at 336

It is well settled that a special relationship between an insured and an insurer imposes upon the insurer a duty to investigate thoroughly and in good faith. *Viles v. Security Nat'l Ins. Co.*, 788 S.W. 2d 566, 568 (Tex. 1990).

> In the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of claims. . . . An insurance company has exclusive control over the evaluation, processing and denial of claims. For these reasons a duty is imposed that "[An] indemnity company is held to that degree of care and diligence which a man of ordinary care and prudence would exercise in the management of his own business."

*Arnold v. National County Mutual Fire Ins. Co.*, 725 S.W. 2d 165, 167 (Tex. 1987), *citing G.A. Stowers Furniture Co. V. Am. Indemnity Co.*, 15 S.W. 2d 544, 548 (Tex. Comm'n App. 1929). The duty is not delegable and extends only to the insurer in contractual privity with the insured, and not to an investigator or adjuster, because the insurance contract gives the insurer exclusive control over the claim and thus creates the requisite "special relationship" *Natividad v. Alexsis, Inc.*, 875 S.W. 2d 695, 697-98 (Tex. 1994). It is a duty imposed by law that gives rise to tort damages, including actual and exemplary damages, rather than an implied covenant that gives rise to contract liability. *Id.*

"A cause of action for breach of duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the

part of the insurer to determine whether there is any reasonable basis for the denial or the delay." *Arnold*, 725 S.W. 2d at 167. *See also Travelers Personal Sec. Ins. Co. V. McClelland*, 189 S.W. 3d 846, 852 (Tex. Civ. App.--Houston [1st Dist.] 2006, no pet.)(opining that under Sections 541.060(a)(2) and 541.060(a)(7) of the Texas Insurance Code, an "insurer violates its duty of good faith and fair dealing by denying or delaying payment of a claim when the insurer knew or should have known that it was reasonably clear that the claim was covered" and that "an insurer cannot shield itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denying a claim."); *Lundstrom v. United Serv. Auto. Ass'n-CIC*, 192 S.W. 3d 78, 96 (Tex. App.--Houston [14th Dist.] 2006, pet. denied)("The common law duty of good faith and fair dealing is breached when an insurer denies or delays payment of a claim after its liability has become reasonably clear.").[13] An insurer may also be liable for damages for breach of its duty of good faith and fair dealing when

---

[13] The standards for liability under Sections 541.060(a)(2)(failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear) and 541.060(a)(7)(refusing to pay a claim without conducting a reasonable investigation) are similar to those of a common law claim for breach of an insurer's duty of good faith and fair dealing and are often examined together. *Texas Mutual Ins. Co. V. Ruttiger*, 265 S.W. 3d 651, 661 n.18 (Tex. Civ. App.--Houston [1st Dist.] 2008, review granted), *citing, e.g., United Servs. Auto Ass'n v. Croft*, 175 S.W. 3d 457, 471-72 (Tex. Civ. App.--Dallas 2005, no pet.).

the insurer fails to attempt to effectuate a settlement where its liability has become reasonably clear or where it fails to reasonably investigate a claim in order to determine whether its liability is reasonably clear. *Universe Life Ins. V. Giles*, 950 S.W. 2d 48, 50-51, 55, 56 n.5 (Tex. 1997)("[A]n insurer will be liable if the insurer knew or should have known that it was reasonably clear the [insured's] claim was covered."). An insurer also breaches its duty of good faith and fair dealing when "the insurer has no reasonable basis for denying or delaying payment of [a] claim, and [the insurer] knew or should have known that fact." Arnold, 950 S.W. 2d at 56, *citing Aranda,* 748 S.W. 2d 13.[14] Whether there is a reasonable basis for denying a claim must be evaluated by the facts before the insurer at the time it denied the claim. *Viles*, 788 S.W. 2d at 567. "[W]hether an insurer acted in bad faith because it denied or delayed payment of a claim after its liability became reasonably clear is a question for the fact-

---

[14] At the same time, an insurer does not act in bad faith where a reasonable investigation shows the claim is questionable, and an insurer maintains the right to deny such a claim without being subject to liability for an erroneous denial of the claim. *Ruttiger*, 265 S.W. 3d at 661, *citing United Services Auto Ass'n v. Croft*, 175 S.W. 3d 457, 471 (Tex. App.--Dallas 2005). A bona fide dispute about the insurer's liability on the insurance contract does not rise to the level of bad faith. *Ruttinger*, 265 S.W. 3d at 661, *citing Transp. Ins. Co. V. Moriel*, 879 S.W. 2d 10, 17 (Tex. 1994). If a claim is not covered by the contract and the insurer has not otherwise breached the contract, the insurer is not liable for breach of bad faith and fair dealing where it denies the claim. *Id., citing Lundstrom*, 193 S.W. 3d at 96.

finder." *Giles*, 950 S.W. 2d at 56. "It is an 'objective determination' involving whether 'a reasonable insurer under similar circumstances would have delayed or denied the claimant's benefits.' So long as a reasonable basis for denial of the claim exists the insurer will not be subject to liability for an erroneous denial of a claim." *Thompson v. Zurich American Ins. Co.*, No. A-09-CA-493-SS, 2010 WL 3784204, *4 (W.D. Tex. Sept. 21, 2010), *citing Republic Ins. Co. V. Stoker*, 903 S.W. 2d 338, 340 (Tex. 1995).

Here Plaintiff fails to meet the pleading standards of Rule 12(b)(6) for a common law breach of duty of good faith and fair dealing.[15] For example, he does not provide any facts that show that Nationwide's liability was reasonably clear, that his claims were covered under particular provisions of the policy, what Nationwide knew at the time it denied his claims, any proposed settlement within the policy limits that Nationwide failed to effectuate, why and how Nationwide's payments were unreasonably delayed, or where its investigation was not reasonable. *See, e.g., Hibbets v. Lexington Ins. Co.*, 377 Fed. Appx. 352, 355-56 (5th Cir. 2010)(under similar Louisiana law, dismissing breach of duty of

---

[15] The standard for common law breach of the duty of good faith and fair dealing is the same as that for the statutory claim. *Progressive County Mutual Insurance Co. v. Boyd*, 177 S.W. 3d 919, 922 (Tex. 2005). Thus because he has provided no facts to support his statutory claims, it is logical that he also fails on the common law claim.

good faith and fair dealing claim because the allegations "are nothing more than labels and conclusions and a recitation of the language of the statutes.").

Accordingly, the Court

ORDERS that Nationwide's renewed motion for partial dismissal (#23) of Plaintiff's extra-contractual claims for violations of the Texas Insurance Code, common law fraud and common law breach of duty of good faith and fair dealing is GRANTED.

**SIGNED** at Houston, Texas, this  27th  day of  June , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE